Filed 3/10/16  Rasmussen, Trustee v. Howard CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| JEANETTE E. RASMUSSEN, as Trustee, etc., <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> FRANKLIN and FREDRICK HOWARD et al., <br><br>     Defendants and Appellants. | H041353 <br> (Santa Clara County <br>  Super. Ct. No. 1-14-PR174551) |

Sybil J. Howard executed an inter vivos trust in 2008 designating herself as trustee and her daughter, respondent Jeanette E. Rasmussen, as first successor trustee. Sybil Howard died in 2012, making the trust irrevocable.  Respondent, now serving as trustee, and her two brothers, appellants Franklin and Fredrick Howard, are beneficiaries with equal interests in the trust estate.  The trustee resides in Santa Clara County, and the trust's primary assets are homes in Danville and Pittsburg, California (Contra Costa County).  Appellants challenge the probate court's order instructing respondent to take certain actions to protect those properties.  Finding no error, we will affirm.

## I.  TRIAL COURT PROCEEDINGS

Respondent filed a petition under Probate Code section 17200,[1] seeking an order (1) to instruct the trustee to provide appellants 15 days' notice to collect their personal items from the Danville and Pittsburg properties and three storage units paid for by the

---

[1] All statutory references are to the Probate Code.

trust, and (2) to authorize the trustee to sell, remove, and/or destroy any items left on the properties. Respondent further requested that the court order the proceeds from any item sold for value to become part of the trust estate. According to the petition, appellants have filled the properties with an "unimaginable amount of miscellaneous personal items" since their mother died. The home interiors are nearly impassable due to "floor-to-ceiling clutter." The petition included photographs supporting respondent's claim that appellants' personal items stored on the properties have created fire, health, sanitary, and nuisance concerns. The petition identified both properties as being in dire need of repair, and respondent is unable to make those repairs without the removal of appellants' personal possessions.

The May 2014 petition referenced a February 2014 Contra Costa County Fire Protection District notice to abate the flammable vegetation and rubbish on the Pittsburg property. Appellants repeatedly refused to retain the services of a hauling contractor, and although they assured respondent they would comply with the abatement order, they failed to do so. The district took abatement action in late March 2014, and billed respondent over $77,000 to remove 366 cubic yards of rubbish. The trust does not have the funds to pay for the abatement work, necessitating repair and sale of one or both properties.

According to the petition, the Danville property stores items including inoperable appliances, electronics, furniture, fixtures, buckets, bicycles, lawnmowers, unregistered cars, motorcycles, and a motor home. In places, appellants' personal items nearly reach the roof and extend throughout the yard. The local fire district served respondent with an abatement notice for that property in April 2014. As of the filing of the petition, action had not yet been taken on that notice, but respondent expected it would lead to a large scale abatement similar to the one undertaken on the Pittsburg property.

The petition identified three storage units paid for by the trust that might contain personal items once belonging to Sybil Howard. But respondent alleged the majority of

items in those units belong to appellants, and she claimed the trust had been unnecessarily burdened paying nearly $900 in monthly rental fees for the units.

Appellants did not respond to the petition, but they appeared and represented themselves at the July 2014 hearing on the petition. The court granted the petition and issued an order instructing trustee, as respondent had requested. That order instructed respondent to provide appellants 15 days' notice to collect all personal items from the Pittsburg and Danville properties and from three storage units. It further authorized respondent, at her sole discretion, to sell, remove, and/or destroy any items appellants failed to collect and, if any items were sold for value, to add the proceeds of any sale to the trust. Appellants retained counsel who timely appealed from that order.[2]

In October 2015, the probate court issued an order under section 1310, subdivision (b). That order (1) enjoined appellants from residing at or bringing any personal items to the Danville and/or Pittsburg properties, (2) ordered appellants to collect immediately all personal items from the properties and storage units, (3) ordered respondent to remove, sell, and/or destroy appellants' personal items left on the Pittsburg property on or after December 1, 2015, (4) ordered respondent to remove, sell, and/or destroy appellants' personal items left on the Danville property on or after December 19, 2015, and (5) ordered respondent to remove, sell, and/or destroy appellants' personal items left in the storage units on or after January 1, 2016.

## II. DISCUSSION

### A. MOOTNESS

In response to our invitation for supplemental briefing on the issue of mootness, respondent argues that the July 2014 order does not survive the October 2015 order

---

[2] We granted the motion by appellants' counsel to withdraw from representation, which was filed after the completion of briefing. Appellants were given the opportunity to retain new counsel but have elected to continue without an attorney. We have considered the parties' counseled briefs in reaching our disposition.

because the acts authorized in the 2014 order, which were stayed by this appeal, were reauthorized in the 2015 order. In our view this appeal is not moot. The issues raised by appellants survive any duplicative order, even if that order has been partially executed. Our disposition may provide the parties with effective relief. (*Lincoln Place Tenants Assn. v. City of Los Angeles* (2007) 155 Cal.App.4th 425, 454.)

## B. CONVERSION

Appellants argue that the probate court's order should be set aside and declared void because it authorizes an unlawful conversion of their personal property in violation of respondent's fiduciary duties as trustee. Because respondent is a beneficiary with a one-third interest in the trust estate, appellants contend that the challenged order converts one-third of their personal property to respondent.

Conversion is " 'an act of willful interference with a chattel, done without lawful justification, by which any person entitled thereto is deprived of use and possession.' " (*de Vries v. Brumback* (1960) 53 Cal.2d 643, 647.) We review the trial court's order de novo and conclude that it does not amount to conversion as a matter of law because there is lawful justification to demand the removal of appellants' personal possessions from the trust property and to dispose of any items remaining on the property. (*Crocker National Bank v. City and County of San Francisco* (1989) 49 Cal.3d 881, 888 [applying de novo standard of review to predominantly legal question on undisputed facts].) Appellants' refusal to remove their personal property prevents respondent from exercising her fiduciary duty to maintain the trust assets. Appellants were given ample time to remove their property from both residences and the storage units before respondent sought instructions from the court. The notice authorized by the court provides appellants an additional 15 days to collect their property. Ordering removal of the property after notice and directing the proceeds from the sale of any remaining personal property to be placed in the trust is well within the probate court's express and inherent discretionary power to

4

fashion a remedy to preserve trust assets.  (§ 17206; *Schwartz v. Labow* (2008) 164 Cal.App.4th 417, 427.)

If the authorized notice is issued and appellants refuse to remove their personal items from the trust properties, they will relinquish those items to the trust.  Given the cost of the Pittsburg abatement, it appears unlikely the trust will realize a net gain from any sale of appellants' possessions.  In any event, respondent will not unduly benefit from such sale.  As beneficiaries collectively, respondent and appellants will share equally in the ultimate cost associated with salvaging the trust properties.

## C.    RIGHT OF OCCUPANCY

Appellants contend they have a legal right to live on the Danville and Pittsburg properties, and that their right of occupancy includes the right to keep personal property on the premises.  Appellants quote selective language from section 5.4 of the trust as giving them the right to possess the real properties:  "The settlor intends … for the property to remain in the family.  The property should not be sold, unless necessary.  If a sale is necessary, members of her family should be given the opportunity to purchase the property and the trustee should make reasonable attempts to sell the property to a family member … ."

Even a cursory review of section 5.4—without appellants' ellipses—dispels any notion that appellants have the right to occupy the Danville and Pittsburg properties.  Quoted in full, section 5.4 reads:  "The settlor intends that her 100 acre farm in Overton, Nebraska be transferred to her children as set forth above.  She intends for the property to remain in the family.  The property should not be sold, unless necessary.  If a sale is necessary, members of her family should be given the opportunity to purchase the property and the trustee should make reasonable attempts to sell the property to a family member.  She also intends that her 40 acre parcel in Overton Nebraska be transferred to her daughter JEANETTE.  She believes that the property is in joint tenancy but if it is not as of the date of her death, the trustee shall transfer the property to her daughter outright."

5

Section 5.4 on its face does not apply to the Danville and Pittsburg properties. Nor does any other trust provision give appellants the right to occupy the California properties.

## III.  DISPOSITION

The July 24, 2014 order is affirmed. Respondent is entitled to costs on appeal.

                                             _____

                                             Grover, J.

**WE CONCUR:**

_____

Bamattre-Manoukian, Acting P.J.

_____

Mihara, J.

*Rasmussen, as Trustee, etc. v Howard et al.*
**H041353**